IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADRIAN SANTOS REYES,

    Plaintiff,

v.                                        Case No. 1:16 CV 00275

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF MCKINLEY,
ARDITH ALLCORN,
LAWRENCE ANDRADE, M.D., and
CHANNING C. CHUYATE,              JURY TRIAL DEMANDED

    Defendants.

## COMPLAINT FOR CIVIL RIGHTS
## VIOLATIONS AND COMMON LAW TORTS

Adrian Santos Reyes, by and through his counsel of record Garcia Ives Nowara (George Bach and Matthew L. Garcia), hereby brings this Complaint pursuant to the Constitution of the United States, 42 U.S.C. § 1983 and 1988, and the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 et. seq.  As grounds for this Complaint, the Plaintiff states as follows.

### INTRODUCTION

On December 22, 2015, Defendant Channing of the Gallup McKinley County Adult Detention Center broke Mr. Reyes's arm while moving him to another pod. Although he was handcuffed behind his back, during the move Reyes was knocked to the ground and had his arms hyper-extended behind him, breaking his arm. Defendants were then negligent by failing to provide him proper medical care. They denied that there was anything seriously wrong with Mr. Reyes until December 24, 2015, when he was taken to Gallup Indian Medical Center. The Gallup

1

Indian Medical Center then diagnosed the broken arm. Mr. Reyes brings this suit to recover damages as a result of Defendants' tortious and unconstitutional actions.

## JURISDICTION, VENUE, & PARTIES

1. Jurisdiction and venue are proper pursuant to 28 U.S.C. § 1331, common law, and 28 U.S.C. § 1391. The Court also has supplemental jurisdiction over the state law tort claims under 28 U.S.C § 1367.

2. Mr. Reyes is now, and was at all times material to this Complaint, a resident of New Mexico.

3. Defendant Lawrence Andrade, M.D., provides healthcare services to the Gallup McKinley County Adult Detention. At all times material to this Complaint, Dr. Andrade was responsible for the provision of medical care at the Gallup McKinley County Adult Detention Center. Dr. Andrade resides in New Mexico.

4. By virtue of a contractual relationship with the Gallup McKinley County Adult Detention Center to provide medical care to inmates housed there, Dr. Andrade is a state actor and may be sued for constitutional violations pursuant to 42 U.S.C. § 1983. West v. Atkins, 487 U.S. 42 (1988); Nieto v. Kapoor, 268 F.3d 1208 (10th Cir. 2001). The federal constitutional claims are brought against Dr. Andrade in his individual capacity.

5. Ardith Allcorn was at all times material a Registered Nurse employed at the Gallup McKinley Adult Detention Center by the Defendant Board of County Commissioners. The federal constitutional claims are brought against Ms. Allcorn in her individual capacity. Upon information, Allcorn resides in New Mexico.

6. Channing C. Chuyate was at all times material a Corrections Officer employed at the Gallup McKinley Adult Detention Center by the Board of County Commissioners. The

federal constitutional claims are brought against Mr. Channing in his individual capacity. Upon information, Channing resides in New Mexico.

7. Defendant Board of County Commissioners for the County of McKinley ("Defendant Board") operates the Gallup McKinley County Adult Detention Center and is the entity to be sued for the tortious acts of its employees and for negligent operation of the Detention Center and its medical facility under the New Mexico Tort Claims Act.

## FACTUAL BACKGROUND

8. On December 22, 2015, the Plaintiff, Adrian Reyes, was in custody at the Gallup McKinley County Adult Detention Center, operated by Defendant Board.

9. On December 22, 2015, Detention Center officials decided to transfer Mr. Reyes to segregation.

10. Detention Center Officers threw Mr. Reyes against a wall in the jail, and placed handcuffs on him behind his back.

11. Defendant Channing and Officer Lorenzo Shirley proceeded to take Mr. Reyes toward segregation housing.

12. On the way to segregation, Detention Center officials decided that they would put Mr. Reyes in J pod instead of segregation, because segregation was full.

13. The Detention Officers and Reyes turned toward J pod.

14. Suddenly, while in the hallway, Defendant Channing forcefully yanked Mr. Reyes's cuffed arms up behind him, hyper-extending his arms and breaking his left one. Channing knocked Reyes down and elbowed him in the head.

15. The Officers then dragged Reyes to a cell in J pod.

16. When the Officers took the cuffs off of Reyes in the cell, Defendant Allcorn was present. She stated, "He looks pale."

17. At that point, Mr. Reyes blacked out.

18. When Mr. Reyes awoke, he was in serious pain. He repeatedly requested medical attention, complaining that something serious was wrong with his arm.

19. Defendant Allcorn saw Mr. Reyes and repeatedly told him on December 22 and December 23, 2015 that there was nothing wrong with his arm.

20. Defendant Andrade saw Mr. Reyes on December 22, 2015 and, despite Reyes's screaming pain, Andrade claimed there were no broken bones. He told Reyes that he could not diagnose the arm if Reyes would not let him move it. He pointed out that Reyes could still move his fingers and his hand.

21. Mr. Reyes was given only ibuprofen for the pain.

22. On December 23, 2015, despite Reyes's continued request for treatment, he was not seen by Andrade when he visited Reyes's pod. Defendant Allcorn told Reyes it was because he was sleeping when Andrade visited the pod.

23. On December 23, 2015, Detention Center officials told Reyes that if his arm was still hurting on Monday, December 28, 2015, they would take him to the hospital.

24. After repeated complaints and submission of a medical request, Mr. Reyes was finally transported to the Gallup Indian Medical Center on December 24, 2015, where his arm was x-rayed and found to have been broken. There, the triage provider exclaimed, "Oh my God, your arm is broken!"

25. On December 23, 2015, Defendant Channing apologized to Reyes.

26. On December 30, 2015, Reyes had to have surgery to put a metal plate in his arm.

27. Due to Defendants' acts and omissions, Reyes experienced considerable pain and suffering, as well as emotional distress.

28. Reyes's injury continues to cause him pain and problems with the use of his left hand.

29. Reyes's injury has interfered with his ability to work since his release from the Detention Center in January 2016.

## FEDERAL CONSTITUTIONAL CLAIMS

### COUNT I: VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION (DEFENDANTS ANDRADE AND ALLCORN)

30. The Plaintiff incorporates by reference the preceding paragraphs as though they were fully stated herein.

31. Both Defendant Andrade and Defendant Allcorn are state actors for purposes of 42 U.S.C. § 1983.

32. Pursuant to the Eighth Amendment to the United States Constitution (incorporated to apply to the states through the Fourteenth Amendment), a state actor violates an inmate's clearly established Eighth Amendment rights if he or she acts with deliberate indifference to an inmate's serious medical needs.

33. Further, a state actor that serves as a gatekeeper for other medical personnel capable of treating a medical condition violates the Eighth Amendment's protections of inmates if he or she delays or refuses to fulfill that gatekeeper role.

34. Defendants Andrade and Allcorn knew that Mr. Reyes's arm was seriously injured during the interaction with Defendant Channing.

35. Defendants Andrade and Allcorn knew of and disregarded an excessive risk to Mr. Reyes's health.

36. Defendants Andrade's and Allcorn's refusal to treat Mr. Reyes's broken arm with anything but pain medication was a sufficiently serious deprivation of medical care to constitute a constitutional violation.

37. Mr. Reyes has suffered damages as a result of Defendants' unlawful acts and omissions.

38. Defendants Andrade and Allcorn did not take the required steps to ensure that Mr. Reyes would receive access to medical staff who could treat his broken arm.

39. In light of the facts and circumstances presented, Defendants Andrade's and Allcorn's actions were objectively unreasonable.

40. Defendants Andrade and Allcorn exhibited a reckless and callous disregard of, or indifference to, the rights of Mr. Reyes.

### COUNT II: VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION (DEFENDANT CHANNING)

41. The Plaintiff incorporates by reference the preceding paragraphs as though they were fully stated herein.

42. Pursuant to the Eighth Amendment to the United States Constitution (incorporated to apply to the states through the Fourteenth Amendment), a state actor violates an inmate's clearly established Eighth Amendment rights if he inflicts unnecessary and wanton pain or acts with deliberate indifference to an inmate's health or safety.

43. Defendant Channing inflicted unnecessary and wanton pain upon Mr. Reyes.

44. Defendant Channing acted with deliberate indifference to Mr. Reyes's health or safety.

45. Mr. Reyes has suffered damages as a result of Defendant's unlawful acts and omissions.

46. Defendant Channing exhibited a reckless and callous disregard of, or indifference to, the rights of Mr. Reyes.

### COUNT III: VIOLATION OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION
### (DEFENDANT CHANNING)

47. The Plaintiff incorporates by reference the preceding paragraphs as though they were fully stated herein.

48. Pursuant to the Fourth Amendment to the United States Constitution (incorporated to apply to the states through the Fourteenth Amendment), a state actor violates an inmate's clearly established Fourth Amendment rights if he uses excessive force in seizing an inmate.

49. Defendant Channing used excessive force in his seizure of Mr. Reyes.

50. Defendant Channing's seizure of Mr. Reyes was unreasonable.

51. Mr. Reyes has suffered damages as a result of Defendant's unlawful acts and omissions.

52. Defendant Channing exhibited a reckless and callous disregard of, or indifference to, the Fourth Amendment rights of Mr. Reyes.

## STATE LAW CLAIMS FOR RELIEF

### COUNT IV: NEGLIGENCE IN PROVIDING HEALTH CARE SERVICES
### (DEFENDANTS BOARD AND ALLCORN)

53. The Plaintiff incorporates by reference the preceding paragraphs as though they were fully stated herein.

54. Defendant Allcorn is a "public employee" pursuant to the New Mexico Tort Claims Act, NMSA 1978, § 41-4-3 (F)(7).

55. Defendant Allcorn had a duty to provide proper health care services to incarcerated individuals.

56. In committing the acts and omissions described above, Defendant Allcorn breached her duty. In particular, she failed to adequately and properly provide health care services to Mr. Reyes for treatment of his broken arm.

57. Defendant Allcorn's breach of duty was a cause-in-fact of harm to Mr. Reyes. Defendant Allcorn's breach of duty was a proximate cause of harm to Mr. Reyes.

58. Immunity is waived for Defendant Allcorn's negligence pursuant to NMSA 1978, § 41-4-10 (1978).

59. Mr. Reyes has suffered damages as a result of Defendant Allcorn's breach of duty.

60. Defendant Board of County Commissioners for the County of McKinley is liable for the tortious acts of Defendant Allcorn.

### COUNT V: NEGLIGENT OPERATION OF A MEDICAL FACILITY
### (DEFENDANTS BOARD AND ALLCORN)

61. The Plaintiff incorporates by reference the preceding paragraphs as though they were fully stated herein.

62. Defendant Allcorn is a "public employee" pursuant to the New Mexico Tort Claims Act, NMSA 1978, § 41-4-3 (F)(7).

63. Defendants Board and Allcorn had a duty to provide proper medical care in the operation of the Gallup McKinley County Adult Detention Center's medical facility.

64. In committing the acts and omissions described above, Defendant Board and Defendant Allcorn breached their duty. In particular, they failed to operate the Gallup McKinley County Adult Detention Center's medical facility in a manner that ensured Mr. Reyes would receive treatment of his broken arm.

65. Defendant Board's and Defendant Allcorn's breach of duty was a cause-in-fact of harm to Mr. Reyes. Their breach of duty was a proximate cause of harm to Mr. Reyes.

66. Immunity is waived for Defendant Board's and Defendant Allcorn's negligence pursuant to NMSA 1978, § 41-4-9 (1977).

67. Mr. Reyes has suffered damages as a result of Defendant Board and Defendant Allcorn's breach of duty.

68. Defendant Board of County Commissioners for the County of McKinley is liable for the tortious acts of Defendant Allcorn.

### COUNT VI: NEGLIGENT OPERATION OF A BUILDING
### (DEFENDANT BOARD)

66. The Plaintiff incorporates by reference the preceding paragraphs as though they were fully stated herein.

67. Defendant Board of County Commissioners for the County of McKinley operates the Gallup McKinley County Adult Detention Center.

68. Defendant Board negligently failed to ensure that medical care was provided to inmates of the Gallup McKinley County Adult Detention Center. That failure resulted in a

danger to inmates beyond the reasonable and expected risks of jail life, to wit: the danger that serious physical injuries of all inmates would go untreated.

69. In committing the acts and omissions described above, Defendant Board breached its duty to operate and maintain the Gallup McKinley County Adult Detention Center in a manner that prohibits unreasonable or unexpected dangers to inmates.

70. Defendant Board's breach of duty was a cause-in-fact of harm to Mr. Reyes. Defendant Board's breach of duty was a proximate cause of harm to Mr. Reyes.

71. Mr. Reyes has suffered damages as a result of Defendant's Board's breach of duty.

72. Immunity is waived for Defendant Board's negligence under NMSA 1978, § 41-4-6 (2007).

## JURY REQUEST

Plaintiff requests a jury on all triable counts.

## RELIEF REQUESTED

Based on the foregoing, the Plaintiff respectfully requests the Court enter judgment as follows:

A. An award of damages against Defendants, jointly and severally, in an amount that a jury determines is sufficient to compensate Mr. Reyes for his injuries;

B. An award of damages against Defendants, jointly and severally, in an amount that a jury determines is sufficient to compensate Mr. Reyes for pain and suffering;

C. An award of damages against Defendants, jointly and severally, in an amount that a jury determines is sufficient to compensate Mr. Reyes for past and future medical costs;

  D. An award of damages against Defendants, jointly and severally, in an amount that a jury determines is sufficient to compensate Mr. Reyes for emotional distress;

  E. An award of punitive damages under 42 U.S.C. § 1983 against Defendants Andrade, Allcorn, and Channing in an amount that a jury determines is sufficient to deter them and others from acting recklessly, willfully, wantonly, and in a callous and reckless disregard of the health and safety of inmates;

  F. Awarding reasonable costs and attorneys' fees incurred in bringing this action and pursuant to 42 U.S.C. § 1988; and

  G. Any other relief the Court deems just and proper.

            Respectfully submitted,

            */s/ George Bach*

            _____
            George Bach
            Matthew L. Garcia
            Garcia Ives Nowara
            924 Second Street NW, Suite A
            Albuquerque, NM 87102
            Ph: (505) 899-1030
            Email: george@ginlawfirm.com
               matt@ginlawfirm.com